UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT M. WEBB, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-856-GSL-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Robert M. Webb, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Webb alleges that, on July 8, 2024, he fell into a hole near the walkway in the recreation yard in the presence of Sergeant Stone, and he injured his ankle. On July 28, 2024, Officer Davis agreed to deliver a medical request to a nurse. However, she instead immediately opened the medical request, read it, and never turned it in. Medical staff have told Webb that he's "good" and that he has no broken bones. His ankle is no longer swollen, but Webb continues to experience numbness,

misalignment, and pain. The holes in the recreation yard were present for nearly a year and were covered with rocks after Webb's fall. Staff and other inmates had informed Warden Neal about the holes in the recreational yard. Webb wrote to Warden Neal and submitted grievances but did not receive a response from Warden Neal or Grievance Specialist Wildfang. Based on these allegations, Webb seeks money damages from five defendants and to see a physician about his foot and ankle.

To start, Webb uses legal terminology that sounds in negligence. However, to state an Eighth Amendment claim regarding unconstitutional conditions of confinement, a prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

The allegations in the complaint suggest that Warden Neal and Sergeant Stone may have acted with deliberate indifference to the risk of harm posed by the holes in the recreation yard. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir.

2006). For an Eighth Amendment claim, the alleged deprivation must be "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834.

The Seventh Circuit Court of Appeals has considered on a number of occasions whether a slippery surfaces that have caused inmates to slip and fall were sufficiently serious to invoke the Eighth Amendment. In *Pyles v. Fahim*, 771 F.3d 403, 404 (7th Cir. 2014), the prisoner alleged that the stairs to the shower were regularly slippery due to water tracked from the nearby by showers. The Seventh Circuit found that these conditions were not sufficiently serious, holding that "slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.* at 410. Next, in *Anderson v. Morrison*, 835 F.3d 681, 682 (7th Cir. 2016), the prisoner alleged correctional staff handcuffed him and ordered him to walk down the stairs that were covered with milk and garbage. The Seventh Circuit concluded that the prisoner had described sufficiently serious conditions that were distinguishable from *Pyle* because the stairs were not only slippery but were also strewn with trash and because correctional staff had handcuffed and refused to assist him with negotiating the stairs. *Id.* at 682-83. And, in *Balle v. Kennedy*, 73 F.4th 545, 549–50 (7th Cir. 2023), the prisoner alleged that he had fallen on a kitchen floor with "cracks and holes as deep as four or five inches" and that he was required to carry five-gallon buckets of water from steam kettles to the sink as part of his job. The Seventh Circuit found that these conditions were sufficiently serious to invoke the Eighth Amendment because the act of

3

carrying a bucket of water increased the risk of falling and that a bucket filled with scalding water increased the risk of incurring a serious injury after a fall. *Id.*at 554-55.

After careful consideration, the court finds that the allegations in the complaint describe conditions that more closely resemble the conditions in *Pyle* than in *Anderson* or *Balle.* Holes in a recreation yard, without more, do not seem any riskier than the slippery staircase in *Pyle*. Unlike *Anderson* and *Balle*, Webb does not suggest that he was required to traverse the area near the holes for his job or on a guard's command and there were no circumstances frustrating his ability to navigate. Nor do there appear to be any circumstances, like scalding water, that greatly increased the risk of serious injury incurred as a result of any potential falls. Consequently, the court finds that the holes in the recreation yard as described in the complaint are not a sufficiently hazardous condition to invoke the Eighth Amendment.

Webb also asserts a claim against Officer Davis for violating his medical privacy rights under the Health Information Portability and Accountability Act (HIPAA) by reading his medical request. However, "HIPAA confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Further, the Seventh Circuit has noted that prisoners "at best have very limited privacy rights . . ." and has "not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 719 (7th Cir. 2004) (citing *Anderson v. Romero*, 72 F.3d 518, 522–23 (7th Cir. 1995)). Other circuits that have recognized such a right did so only in "instances that involved the purposeful dissemination of intensely private medical information." *Id*. "[S]emi-public discussion"

4

of "fairly pedestrian maladies" such as sores, diabetes, the need for eyeglasses, and standard medical treatment in front of staff members, is a "sort of general indiscretion" that does not violate the Constitution. *Id*. The court finds that a request seeking medical care for a slip-and-fall injury did not contain intensely private medical information and that Webb has not plausibly stated a medical privacy claim.

Webb may also be asserting a claim against Officer Davis for delaying his access to medical treatment by failing to give his medical request to a nurse. "A significant delay in effective medical treatment . . . may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). However, the duration of any delay is unclear from the complaint, and it is also unclear whether that delay caused him any harm, such as an additional quantum of pain or aggravation of the injury. Therefore, the complaint does not plausibly state an Eighth Amendment claim of deliberate indifference against Officer Davis.

Webb asserts a claim against Grievance Specialist Wildfang for refusing to respond to his grievances regarding the slip-and-fall. There is no constitutional right to an inmate grievance procedure. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Nevertheless, grievance specialists, like any other Section 1983 defendant, may be liable for constitutional violations based on their personal knowledge and actions. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). But, here, the complaint does not suggest that Grievance Specialist Wildfang knew of and could have prevented the risk of falling for Webb or that Webb had sought adequate medical treatment via grievance and that

5

Grievance Specialist Wildfang took active steps to prevent him from obtaining it. *See id.* at 595. Further, though Webb has listed Deputy Warden Nowatzke as a defendant, the complaint does not otherwise mention him. Therefore, the complaint does not plausibly state a claim against these defendants.

Finally, Webb seeks a court order to see a physician about his ankle and foot, which is a form of injunctive relief. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Here, there is no indication that Webb has made any effort to see a physician on his own by, for example, submitting another medical request or by asking a staff member, and there is also no indication that any such efforts were unsuccessful. In other words, it is entirely unclear from the complaint why Webb needs an injunction to see a physician. Therefore, Webb may not proceed on a claim of injunctive relief on this complaint.

In sum, this complaint does not state a claim for which relief can be granted. If Webb believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his

6

law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

The complaint is short on facts, dates, and details about the events described within it. Based on what it does say, it is not plausible to infer that the defendants have violated or are continuing to violate his constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) GRANTS Robert M. Webb until **June 17, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Robert M. Webb if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on May 13, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT